So I will turn to the first case on our calendar, Brudy v. Barr. Counsel, you may proceed. Good morning, Your Honors, and may it please the Court, Andres Ortiz on behalf of the petitioner Yannick Brudy. Before I begin, I would like to reserve two minutes for rebuttal. You may do so. Thank you, Your Honor. The first issue is whether termination is warranted for a man who has been detained for over three years without bonds, despite the fact that the Department of Homeland Security has been unable to prove that he is removable. And it's important to note that the petitioner, when he appeared at his merit hearing, was pro se, and the immigration judge had the obligation to fully develop the record, ask all of the questions necessary to determine how Mr. Brudy entered the United States. And the immigration judge did so on AR 204 through 205. At no point during this discussion did the judge or the Department of Homeland Security make any statement whatsoever saying that the petitioner was untruthful, failed to identify any inaccuracies, or that his story was implausible. Next, in rendering the decision that AR 105 through 106, the judge sustained the charge, but ruled on an error of law. He said that they needed to provide contemporaneous evidence, which is not needed according to the regulations or matter of key lantan. Next, the judge actually went and said that he used a fake Canadian ID to enter the country as reason to deny the case on discretion. Mr. Ortiz, do you agree that there is a factual issue, a factual issue? I don't, your honor. And I think that there's four reasons why. First, the agency asked to remand this case, and they did not remand because it seems like second circuit has already determined that there is no factual issue. Well, I think that's for us, that's for us to decide today, but the immigration judge rejected the claim that he had been waived in. The BIA assumed that he had been waived in, but that remains an open question, is it not? I think that, your honor, if we look at the entire record, at every point, the agency has relied on this fact. If the immigration judge used the fact that he was waived in as a negative discretionary factor to deny cancellation of removal, then the board assumes that he filed the motion for summary dismissal in two places. They alleged that he entered using a fake Canadian ID. So it's only after the court denied- It sounds to me like your argument really is that the agency has waived the waiving in factual argument. That's really what you're saying. I believe so, your honor. And given the fact that they have waived that, and if we were to look at the record that was presented, there's no place whatsoever where anyone has any question about any of the testimony that Mr. Brady presented in terms of how he was waived in. So I believe that this puts us at the point where this court can confidently predict how the board would rule if it was remanded, because the agency has identified no place whatsoever where they could make any other determination other than the fact that he was waived in the way that they said that he did. But does your argument, Mr. Ortiz, does your argument rely on the agency's waiver or what you assert we might well go along with you on was the agency's waiver or do they get another bite at the apple saying, well, we didn't mean that? I don't think that they do, your honor. In Chen versus Gonzalez, the court was presented with this where the agency assumed something happened. And for appellate purposes, because they assume that this has happened, the appellate court is bound by that. And it just so happens that in this case, what the assumption is would prove Mr. Brady's case and make him not or because the record was sufficiently developed that Mr. Brady was waived the way that he said that he was. And this court should apply to no vote review. So even if we accept that he was waived the way he said he was, he admits that he used a phony driver's license. I understand, your honor, but it's not a reliable admission. Well, actually, your honor, this court has dealt with that issue in a mocha of the McCarthy. And in that it was the same situation where the foreign national used a fake ID to come in. And after that, she was requesting a waiver of admissibility. And this court said that whether she was waived in or whether she was admitted because she was actually lawfully entitled to or the fact that she was just admitted, it doesn't matter for this purpose. And so I think that it's also important to note that one of the things that the respondent brings up is that they feel that it's without consequence that DHS couldn't sustain its charge of removability. But the agency has had, or DHS has had multiple opportunities to go along and to ask for remands back to the immigration court, and they have failed to do so. So at this point, because the record is closed, we're asking for the be. You want us to say that he was properly waived in? That he was properly waived in, and then consequently, he used phony ID. How can we find that was proper admission? Well, because the law differentiates between a substantive admission and a procedural admission. And no matter which way it was, whether it was substantive or procedural, it still meets the test for matter of quelan ton. And the government has conceded that as well. All right. I see I'm running out, but I just wanted to flag the other issue that if the court does decide to remand, that the cancellation of removal application was decided on two faulty premises. One, that Mr. Brody had presented evidence that he was not convicted of the crimes that underpinned the discretionary denial. And then additionally, if the question still is outstanding about whether or not he entered the way that he said that he did, then there's a real conflict. And the immigration judge should not have decided the cancellation of removal application and dinged him for entering with a fake ID. And I'd like to reserve the remainder of my time for rebuttal. Thank you, counsel. We'll hear from the government. Good morning, your honors. May it please the court. Laura Halliday Hicken for Attorney General. I'm consider the merits of the immigration judge's removability determination. In this case, alienage is established and undisputed. It's also undisputed that Mr. Brody has no lawful status in the United States. The immigration judge found that petitioner's uncorroborated testimony failed to satisfy his burden of proving time, place, and manner of a lawful admission. The immigration judge then sustained the facts as alleged by DHS in the notice to appear. The immigration judge found petitioner removable under 212, which is applicable to people who have not been admitted for being present without admission or inspection. And those determinations ultimately have not been reviewed by the board. Because the board has not reviewed the merits of those immigration judge's removability determination, remand is required to allow the board to consider those issues in the first instance. And really, this case is like any case where the board errors and remand is to consider the remaining issues. What do you say to the argument that the government has waived these arguments? I don't even, I don't know if, through the summary affirmance, I'm not sure the summary affirmance in this case was based on the same incorrect argument that the board made. And so the government submits that the board did err in holding that if proven, a waived through would not have legal significance. A waived through, if it's proven, does have legal significance. And that was the root of the board's error. And so in this case... Why has it taken the government so long to get around to this? Well, when I was assigned this case in September of 2019, I immediately moved for remand, which was opposed. But remand is required in this case because the immigration judge had before it the issue of determining whether petitioner sustained his burden of proving time, place, and manner of a lawful admission. The immigration judge found that his uncorroborated testimony didn't satisfy his burden. Petitioner is making arguments that his uncorroborated testimony was necessarily sufficient. That's precisely the kind of issue that the board needs to review. What is the sufficiency of the evidence required when you're trying to prove a waived through admission? In this case, the immigration judge needed to make that determination because grounds of removability under 212 and grounds of removability under 237 are mutually exclusive in the sense that 212 grounds are applied when the person has not been admitted. 237 are applied when someone is admitted. And so the immigration judge would need to make the determination that petitioner proved a waived through such that he was lawfully admitted and then DHS could only then bring a charge under 237 because you can't charge someone under 212 and 237 at the same time. They're mutually exclusive grounds. Because the immigration judge sustained the charge and found that he didn't satisfy his burden of proving time, place, and manner of a lawful admission, the 212 grounds is appropriate. The facts that's found by the immigration judge are the facts alleged by DHS that he entered at an unknown place at an unknown time in a manner other than authorized by the Attorney General. And those are the facts that's found in this case. Ms. Hicken, if we decided that the petition is correct and the proceedings should be terminated, the government would then bring different proceedings? I mean, in that, I'll submit that the board has never reviewed the merits of the immigration judge's determination and it has to happen. But were the court to remand this proceeding for termination, probably DHS could file a motion to reopen and allege the charge in the same proceedings because DHS can allege a new charge at any time. I mean, really, if you're saying the board would find that this was a lawful admission, then 230, or excuse me, the court here would find that 237 grounds would only apply then because there'd be some sort of determination that he actually is admitted. And then I guess DHS could file a motion to reopen alleging the new charge of 237. You know, it's untrue. He would have to be released until new charges were filed, if new charges were filed. Is that right? I don't know that that's the case. I'm not sure about how that would work. But it's not true that 212 and 237 weren't discussed. Petitioner actually was represented by counsel initially before the immigration judge when the charges were, you know, when the factual allegations in the NTA were considered and the removability charge. And the immigration judge discussed whether 212 or 237 would be applicable. Because whether 212 or 237 is applicable is based on whether the immigration judge finds that petitioner sustained his burden of proving time, place, and manner of a lawful admission. And in this case, by his uncorroborated testimony, that's petitioner's burden. If the petitioner had proven that and the immigration judge made the finding that petitioner sustained his burden of proving time, place, and manner and was lawfully admitted, the case would be a 237 charge. And that was discussed at 134 in the proceedings. Because petitioner's alienage is established and he admittedly has no lawful status. So either 212 applies or 237. And in this case, you know, typically this is not really disputed because there's some evidence that someone's a lawful permanent resident or that they were admitted on a visa or that any number of things that can be proven and the government is in agreement that the person is admitted. It's typically not disputed. But here there's uncorroborated testimony that petitioner was waved through and that's really all to go on. And so the immigration judge needed to make a determination about whether petitioner satisfied his burden of time, place, and manner. And that is exactly what needs to be reviewed. All the arguments that petitioner satisfied his burden, that his uncorroborated testimony is sufficient, any of those arguments need to be considered by the board in the first instance. There's actually a dearth of case law or precedent about what somebody who's trying to prove a wave through would need to show in order to establish time, place, and manner of a lawful admission. And it's not credibility. This is a sufficiency of the evidence. I mean, it could be, that could be something, but it's not necessarily because even where there's credible testimony, corroboration can be required. And credible testimony can be sufficient to satisfy a burden, but corroboration can still be required. And so this is an issue where the petitioner has the burden of proving the time, place, and manner. And especially in the instance of a wave through, that makes sense because it's very hard to disprove something that is based on, I was waved through someday in August at some border crossing, and I showed a fake ID. I don't know the name. You know, he didn't know the name of this person. It'd be very hard to disprove that. That's why the burden is on the petitioner to prove it by clearing convincing evidence. The immigration judge found that his uncorroborated testimony wasn't sufficient. The board needs to review that specific issue about whether petitioner's evidence was sufficient to prove that because it matters. And that's what the board's error was, is finding that whether the wave through was proven had no legal significance. It does. That was the point of matter of kiloton, talking about the significance of a lawful admission as a result of a wave through. But matter of kiloton wasn't a sufficiency of the evidence case. It wasn't talking about what someone would need to prove in order to prove the time, place, and manner by clearing convincing evidence. And so ultimately, the government submits that the board's decision was based on an incorrect premise, that if proven, a wave through would not have legal significance. The board erred. Remands required to allow the board to consider the merits of the immigration judge's removability determination. And as remand would be required in any case where the board errs, and remand is required for the board to consider the remaining issues. There's no further questions. Thank you, counsel. Thank you, your honor. Mr. Ortiz, you reserve two minutes for rebuttal. Sure. Would you turn your microphone on? Hello? Yes. Okay, perfect. So one thing needs to be clear right now is that for removability purposes, there is never any corroboration required. Corroboration is a concept that is associated with the real idea. And in Ahmed v. Lynch, they said that the real idea is the case, and saying that he needed to corroborate his testimony is an incorrect legal premise. Additionally, the facts are completely clear. Is that an issue you should be making to the BIA, an argument you should be making to the BIA? It was made to the BIA, but then the BIA shifted justification, and so that's why we're here. But the other big issue in this is that at page 109 of the administrative record, the judge says that Mr. Brody entered the way that he said that he did, which puts it in direct conflict with what the government is saying now today. He was denied cancellation of removal in part because he said that he misrepresented who he was. So the government can't have it both ways. They can't say that the cancellation of removal application is justified in being denied in part because he misrepresented his identity, and then also say that it's unclear how he entered when they just used that fact to deny his If the court has no further questions, I want to thank you and appreciate the opportunity to speak with you this morning. Thank you very much. I have no further questions. We will reserve decision. Thank you for an interesting argument on an interesting case. Thank you. Thank you, Your Honor. Thank you, Your Honor. Thank you both.